

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NOV 03 2021

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

| UNITED STATES OF AMERICA | |
|---|---|
| v. | Criminal No. 21- 455 |
| FREDERICK CUSHMORE JR. | [UNDER SEAL] |

## INFORMATION MEMORANDUM

AND NOW comes the United States of America, through undersigned counsel, and submits this Information Memorandum to the Court:

### I. THE INFORMATION

A one-count Information was filed against the above-named defendant for an alleged violation of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Conspiracy to Violate the Foreign Corrupt Practices Act<br><br>Late 2016 to October 2020. | 18 U.S.C. § 371 |

### II. ELEMENTS OF THE OFFENSE

**A.     As to Count 1:**

In order for the crime of Conspiracy to Commit an Offense Against the United States, in violation of 18 U.S.C. § 371, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That two or more persons agreed to commit offenses against the United States, as charged in the Information;

2. That the defendant was a party to or member of that agreement;

3. That the defendant joined the agreement or conspiracy knowing of its objectives to commit offenses against the United States and intending to join together with at least one other alleged conspirator to achieve those objectives; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve common goals or objectives, to commit offenses against the United States; and

4. That at some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act in order to further the objectives of the agreement.

Third Circuit Model Criminal Jury Instruction 6.18.371A.

### III. PENALTIES

A. **As to Count 1: Conspiracy to Commit an Offense Against the United States (18 U.S.C. § 371):**

1. A term of imprisonment of not more than 5 years.

2. A fine of not more than the greater of (i) $250,000 or (ii) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process.

3. A term of supervised release of not more than 3 years.

### IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 at each count must be imposed upon conviction, pursuant to 18 U.S.C. § 3013.

### V. RESTITUTION

Restitution is not applicable in this case.

## VI. **FORFEITURE**

Forfeiture is not applicable in this case.

Respectfully submitted,

STEPHEN R. KAUFMAN
Acting United States Attorney

/s/ Eric G. Olshan
ERIC G. OLSHAN
Assistant U.S. Attorney
IL ID No. 6290382


JOSEPH BEEMSTERBOER
Acting Chief
Criminal Division, Fraud Section
U.S. Department of Justice


/s/ Leila E. Babaeva
LEILA E. BABAEVA
SARAH E. EDWARDS
Trial Attorneys
Fraud Section